**O**

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| PAUL COSTA, | ) | CASE NO. ED CV 06-00488 RZ |
| Plaintiff, | ) | |
| | ) | MEMORANDUM OPINION |
| vs. | ) | AND ORDER |
| | ) | |
| MICHAEL J. ASTRUE, Commissioner of Social Security Administration, | ) | |
| | ) | |
| Defendant. | ) | |

      Plaintiff's first of two arguments challenging the denial of disability benefits is that the Administrative Law Judge improperly discounted the views of his treating psychologist, David Libert, Ph.D., in favor of consultative examiners' views and other evidence. An Administrative Law Judge may favor consultative examiners' views over those of treating physicians if he "makes findings setting forth specific, legitimate reasons for doing so that are based on substantial evidence in the record." *Connett v. Barnhart*, 340 F.3d 871, 874 (9th Cir. 2003) (internal quotations omitted). The Administrative Law Judge satisfies this burden by setting forth a detailed and thorough summary of the facts and conflicting clinical evidence, stating his or her interpretation thereof, and making findings reasonably supported by that evidence. *See Magallanes v. Bowen*, 881 F.2d 747, 751 (9th Cir. 1989).

Here, the Administrative Law Judge's decision preferring the consistent opinions of several non-treating doctors over the outlying opinion of Dr. Libert satisfies the foregoing rules. As suggested by *Magallanes*, the opinion includes a detailed and thorough summary of the key clinical evidence, followed by the Administrative Law Judge's interpretations and findings, which enjoy substantial evidentiary support. *See* Administrative Record (AR) 14-17. With regard to mental impairments, the Administrative Law Judge cited the assessments of two state agency psychiatrists, Drs. Hurwitz and Gross, who concluded – contrary to Dr. Libert, who assessed more severe mental limitations – that Plaintiff was at least capable of the simple, repetitive, nonpublic tasks that the Administrative Law Judge ultimately found him capable of doing. AR 222 (able "to perform complex and detailed work tasks"), 359, 376 (simple, repetitive tasks); *see* AR 18. Drs. Hurwitz and Gross both based their conclusions in part on a report by another psychiatrist, Christine Lyster, M.D., who in April 2004 found Plaintiff capable of understanding, remembering and performing at least simple one- or two-step job instructions. *See* AR 29, 172-73. In addition, Dr. Gross based his opinion on a review of Dr. Libert's own opinion. *See* AR 35, 358-59.

With regard to *physical* impairments, largely chronic pain, the Administrative Law Judge adequately responded to the "disabled" assessment of Dr. Libert – a psychologist – by assembling a "detailed and thorough" summary of contrary evidence, as discussed above. AR 14-16 (summarizing opinions of other examiners as to non-mental limitations). The judge added, "in assessing the claimant's physical condition, Dr. Libert seems to have made an assessment outside his expertise. Therefore, this opinion is credited with little weight." AR 16. Such a parting shot may have been unnecessary, but it hardly supports reversal.

As a corollary of sorts, Plaintiff suggests that the Administrative Law Judge erred in failing to consider a 2003 evaluation form by Dr. Libert. *See* AR 401-05. The Court disagrees. The principal report by Dr. Libert discussed above, dated June 2004, overlaps with, and appears essentially to include, the 2003 report. Moreover, although the

2003 evaluation indicates Dr. Libert's opinion that Plaintiff was moderately or severely impaired in his work and/or school functions, the 2004 report reflects that Plaintiff recently earned his bachelor's degree and intended to pursue post-graduate education. AR 218, 401. The 2003 report's negative assessment of Plaintiff thus not only seems to be *subsumed in* the 2004 report (which the Administrative Law Judge plainly did consider and properly discount), but also seems to be partly *undermined by* positive remarks in the latter report. Any possible error in failing to address the 2003 report separately therefore was harmless.

Second and finally, Plaintiff argues that the hypothetical question posed to the vocational expert was incomplete because it did not include more limitations found by Dr. Libert. Because the discounting of Dr. Libert's opinion was itself not error, however, no error occurred in excluding aspects of that opinion from the hypothetical.

In accordance with the foregoing, the decision of the Commissioner is affirmed.

DATED: April 16, 2007

```
                                    RALPH ZAREFSKY
                          UNITED STATES MAGISTRATE JUDGE
```